IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 DEC 17 P 2:37

CLERK _____
SO. DIST. OF GA.

DAVID HARRELL,

    Petitioner,

v.

                           CIVIL ACTION NO.: CV213-101

SUZANNE HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David Harrell ("Harrell"), an inmate at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. The undersigned issued a Report and Recommendation. In his objections to the Report and Recommendation, Harrell claimed he did not receive a copy of Respondent's Return on the Order to Show Cause. The undersigned vacated his Report and Recommendation, directed the Clerk of Court to mail Harrell a copy, and directed Harrell to file any desired response within twenty (20) days of the Order. Harrell filed a Traverse. Respondent filed a Response. For the reasons which follow, Harrell's petition should be **DISMISSED.**

## STATEMENT OF THE FACTS

At the time of Harrell's federal indictment, he was serving a twelve-year sentence imposed by the State of Florida. (1:96-cv-01003-SH, Doc. 13, p. 2).[1] He was

---

[1] See 1:96-cr-00022-PAS, Doc. 71, p. 1 (writ of habeas corpus ad prosequendum).

transferred from New River Correctional Institute to the Federal Detention Center in Miami, Florida, pursuant to a writ of habeas corpus ad prosequendum. Id. Harrell was convicted of conspiracy to obstruct, delay and affect commerce by robbery, to wit: obtaining property belonging to tourists (count 3), two counts of robbery (count 11 and 36), and one count for a felon in possession of a firearm (count 46). (1:96-cr-00022-PAS, Doc. 1283, p. 1). On April 13, 1999, Harrell was sentenced to 235 months' incarceration as to counts 3, 11, and 36, and to 120 months' incarceration as to count 46. Id. at pp. 1-3. All counts were to run concurrently with each other and concurrently with the state sentence in case number F94-43770. Id. at p. 3. The United States Court of Appeals for the Eleventh Circuit affirmed. (1:96-cr-00022-PAS, Doc. 1351, p. 1).

Harrell filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Florida, challenging the Bureau of Prisons' ("BOP") "refusal to award him [1,095 days'] credit against his federal sentence for time spent in federal custody awaiting trial for tourist-related robberies in case number [1:96-cr-00022-PAS]." (Doc. 7-2, pp. 1, 3).[2] Guided by the Eleventh Circuit's holding in a co-defendant's identical case, the court denied Harrell's § 2241 petition stating that he cannot receive credit against his federal sentence for time

---

[2] In this case, Harrell contends that he was in federal custody from April 1, 1996, to April 13, 1999, and requests 944 days' credit. (Doc. 1, p. 17). In prior petitions, Harrell requested 1095 days' credit (April 1, 1996 to April 1, 1999). (Doc. 7-2, p. 3; Doc. 7-5, p. 11). In Harrell v. United States, the Government's response states that Harrell "had his initial appearance on April 17, 1996, the day following his arrival at the Federal Detention Center" (April 16, 1996). (1:96-cv-01003-SH, Doc. 13, p. 7). The court in Harrell v. Rivera noted that Harrell began transit on April 1, 1996, made his initial appearance on April 17, 1996, was returned to state authorities May 13, 1997, was borrowed again on September 8, 1997, and returned to state authorities on May 4, 1999. (3:07-cv-02710-DCN, Doc. 23, pp. 6-7). The writ of habeas corpus ad prosequendum in his criminal case had an initial appearance scheduled for April 18, 1996. (1:96-cr-00022-PAS, Doc. 71, p. 1). The Court notes these discrepancies in the dates and number of days requested; however, the petitions all refer to the same event; the precise amount of time in which Harrell was held in federal pretrial detention is irrelevant for this Court's analysis.

AO 72A
(Rev. 8/82)

already credited to his state sentence. (Doc. 7-2, p. 7).[3] The Eleventh Circuit affirmed. Harrell v. Sec'y for Dep't Corr., 99 F. App'x 879 (11th Cir. 2004) (Table).

Harrell then filed a § 2241 petition in the United States District Court for the District of South Carolina, contending that "he is entitled to 944 days of credit against his federal sentence." (3:07-cv-02710-DCN, Doc. 23, pp. 1, 6). The court noted that the BOP gave Harrell 139 days credit for his time in custody for his state conviction. Id. at 7. The court granted summary judgment by recognizing that the time between April 1, 1996, and April 13, 1999, was applied to his state sentence; the court determined that he was not entitled to credit pursuant to 18 U.S.C. § 3585(b)(2). Id. at 9-10.[4] The United States Court of Appeals for the Fourth Circuit affirmed. Harrell v. Rivera, 309 F. App'x 701 (4th Cir. 2009).

Harrell filed another § 2241 petition in the United States District Court for the Eastern District of North Carolina, contending that he was entitled to 1,095 days of credit, and that "nineteen months or more awaiting sentencing, effectively extinguished the borrow[ing] of a state prisoner" and that he was "converted into full federal custody." (5:10-hc-02259-FL, Doc. 1, p. 7). He claimed that "any credits granted by the state court [are] rendered meaningless when not similarly reflected in [a] concurrent related federal sentence." Id. The court did not reach the merits of this claim, but dismissed Harrell's petition as an abuse of the writ. (Doc. 7-5, p. 12). The Fourth Circuit affirmed. Harrell v. Stephens, 479 F. App'x 496 (4th Cir. 2012).

In the present case, Harrell alleges that the BOP erred in refusing to award him 944 days of jail credits, the amount of time he awaited federal sentencing. (Doc. 1, p.

---

[3] The district court adopted the Magistrate Judge's report and recommendation. (Doc. 7-3, p. 1).

[4] See 3:07-cv-02710-DCN, Doc. 28 (order affirming report and recommendation).

3

10). Harrell contends that nineteen "months or more awaiting federal sentencing, effectively extinguished the borrow[ing] of a state prisoner and converted into full federal custody." Id. Respondent asserts that Harrell's petition should be dismissed as successive. (Doc. 20, p. 5).

## DISCUSSION AND CITATION OF AUTHORITY

"*Res judicata* does not apply to habeas petitions." Baynes v. Zenk, 215 F. App'x 932, 933 (11th Cir. 2007) (citing Schlup v. Delo, 513 U.S. 298, 317 (1995)). "However, claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a)." Id. Petitions challenging the execution or duration of a sentence, not "the validity of the sentence itself, are properly brought under § 2241." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (citation omitted).

> Successive § 2241 petitions by federal prisoners are subject to threshold dismissal in the district court because [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Id. (quoting 28 U.S.C. § 2244(a)) (internal quotation marks omitted). "For a § 2241 petition to be barred as successive under 28 U.S.C. § 2244(a), the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings." Watson v. United States, 392 F. App'x 737, 742 (11th Cir. 2010).[5] Dismissal of a petition for failure to exhaust administrative remedies, failure to prosecute, or failure to pay a fine does not address the merits of a claim. Id. at 740.

---

[5] See also Antonelli, 542 F.3d at 1352 (holding that petitioner's claims were "previously adjudicated on the merits by the Arkansas habeas court and affirmed on appeal by the Eighth Circuit" and "his current petition . . . was therefore successive, and properly dismissed by the district court.").

4

This Court recognizes that Harrell's petition submitted to the Eastern District of North Carolina was not adjudicated on the merits. However, the Southern District of Florida addressed the merits of and denied the petition because the time Harrell spent awaiting trial on his federal charges was already credited to his state sentence and he was not entitled to "receive credit against his federal sentence for that same period." (Doc. 7-2, p. 7). Likewise, the District of South Carolina addressed the merits of Harrell's petition and held, pursuant to 18 U.S.C. § 3585(b), that Harrell was not entitled to credit against his federal sentence because the time period was applied against his state sentence. (3:07-cv-02710-DCN, Doc. 23, p. 9). In both prior habeas proceedings, Harrell challenged his award of credit for the same time period toward the same federal sentence, and both were adjudicated on the merits, making the present claim successive. Harrell has not provided any new information. Accordingly, Harrell's petition should be denied as successive pursuant to 28 U.S.C. § 2244(a).

Harrell's reliance in his Traverse on United States v. Pruitt, 417 F. App'x 903 (11th Cir. 2011), is misplaced. (Doc. 19, p. 3). In Pruitt, the Eleventh Circuit held that "the district court erred in construing his motion as a successive § 2255 motion, instead of a § 2241 petition." Pruitt, 417 F. App'x at 904. This Court is not construing Harrell's petition as a successive § 2255 motion, but rather a successive § 2241 petition.

Assuming, *arguendo*, that Harrell's petition was not successive, his petition should be dismissed on the merits under 18 U.S.C. § 3585. As this Court has stated before, a "federal sentence does not commence when a federal defendant is produced by a state for federal prosecution by means of a writ of habeas corpus ad prosequendum; state authorities retain primary jurisdiction over the defendant until the

5

state releases the defendant on satisfaction of the state obligation." Carter v. Vazquez, No. CV206-179, 2006 WL 3422409, at *2 (S.D. Ga. Nov. 28, 2006) (citation omitted). "Under this scenario, federal authorities are merely borrowing the defendant, and he is in 'temporary' custody of federal authorities." Id.; see also United States v. Mauro, 436 U.S. 340, 348 (1978). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. In other words, a "federal sentence begins when the defendant is received in federal custody to begin serving his sentence." United States v. Tubby, No. 13-12016, 2013 WL 6084270, at *1 (11th Cir. 2013) (citing 18 U.S.C. § 3585(a)). "The BOP, however, has the discretion to retroactively designate a state facility as the place for service of a federal sentence." Id. (citations omitted). "If a defendant is already serving a state sentence, this 'nunc pro tunc' designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently." Id. The Eleventh Circuit determined that "the word concurrent . . . does not mean that the two sentences hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (alteration in original) (citation omitted) (internal quotation marks omitted).

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the

6

> sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Harrell's argument that the "sentencing court in Miami stated petitioner should receive credit for the [time] detained in federal custody," is unavailing. (Doc. 19, p. 4). In the documents submitted to the Court by Harrell, the sentencing court judge stated, that credit for time served was "up to the Bureau of Prisons . . . [and] not up to me." (Doc. 1, p. 14). Even if the court stated what Harrell is asserting, a petitioner "can receive credit for time served only if the specified time period has not been credited against another sentence." Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (petitioner cannot receive credit against federal sentence, when "this time period was credited against [state] sentence.").

Here, the earliest possible date for the commencement of Harrell's federal sentence was April 13, 1999. The federal sentence did not have the same starting date as the state sentence, although the federal sentence was imposed to run concurrently with the state sentence. Harrell was not in custody of federal authorities, and his sentence did not commence, at the time he was released pursuant to a writ of habeas corpus ad prosequendum. A "prerequisite to receiving credit for time served prior to the commencement of a federal sentence is that the time not be credited against any other sentence." Rios-Perez v. Haynes, No. CV211-049, 2011 WL 2469848, at *2 (S.D. Ga. May 19, 2011). The time period spent prior to the commencement of Harrell's federal sentence was credited towards his state sentence. "Congress made clear that a defendant could not receive a double credit for his detention time." United States v.

AO 72A
(Rev. 8/82)

Wilson, 503 U.S. 329, 337 (1992). Accordingly, Harrell is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Harrell's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)