IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAVID HARRELL,

    Petitioner,

v.                                     CIVIL ACTION NO.: CV213-101

SUZANNE HASTINGS, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner David Harrell ("Harrell") filed Objections.

To the extent Harrell requests this Court to correct the sentencing court's calculation or imposition, rather than the BOP's calculation or execution, of his sentence, such is not a proper claim pursuant to 28 U.S.C. § 2241. Challenges to the imposition of a sentence are properly addressed in a § 2255 motion. Petitioner argues that, pursuant to United States Sentencing Guidelines ("USSG") § 5G1.3(b), his subsequent sentence should run fully and retroactively concurrent to his state sentence; however, Harrell's argument misses the mark. "First, it should be noted that such an argument (concerning the sentencing judge's application of the USSG) addresses the validity of his sentence, and not its execution." Amparo-Tineo v. Wells, No. CV-308-0022, 2009 WL 256596, at *4 n.8 (S.D. Ga. Feb. 3, 2009). "Typically, collateral attacks

AO 72A
(Rev. 8/82)

on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted). A § 2255 motion is to be filed with the sentencing court or district court of conviction. 28 U.S.C. § 2255(a). Also, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255(f). This Court "may not reexamine the district court's sentence because [petitioner] elected relief under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255." Coloma v. Holder, 445 F.3d 1282, 1285 n.4 (11th Cir. 2006). Therefore, this Court cannot "review whether the [ ] sentence was the proper one under the Sentencing Guidelines." Id.

"Sentencing Guideline § 5G1.3 does not authorize a district court to grant credit for time served prior to the imposition of sentence." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). "The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" Id. (citation omitted). Harrell cites to Castillo v. Graver, 182 F. App'x 871 (11th Cir. 2006), for support. The United States Court of Appeals for the Eleventh Circuit in Castillo reviewed petitioner's § 2241 petition in which he was seeking credit for time served. In Castillo, petitioner, like Harrell, relied upon § 5G1.3 of the United States Sentencing Guidelines Manual. Id. at 872. However, the court held that "[d]istrict courts are not authorized to compute a presentence credit at sentencing," and the "computation of credit for a sentence is the responsibility of the Attorney General, who has delegated it to the BOP." Id. at 873. The Eleventh Circuit relied upon 18 U.S.C. § 3585(b), as this Court did, to review petitioner's sentence and held that "the BOP's calculation accords with the statute's requirements." Id. Therefore, even with Harrell's reliance upon the sentencing guideline regarding his challenge of the BOP's calculation pursuant to his § 2241

2

petition, this Court agrees that the BOP's calculation is in accord with the applicable statute. Harrell's petition is dismissed on the merits under 18 U.S.C. § 3585.

Alternatively, Harrell's petition is dismissed as successive. Harrell argues that his prior § 2241 petitions were not adjudicated on the merits of his § 5G1.3 claim. The Eleventh Circuit recognized that a "successive § 2241 petition is subject to dismissal where it raises the same claims that were dismissed on the merits in the first § 2241 petition." United States v. Tubby, No. 13-12016, 2013 WL 6084270, at *4 (11th Cir. 2013) (citation omitted). In Tubby, the court determined that, even though Appellant "couche[d] his present *pro se* motion in terms of the district court's miscalculation of the guidelines . . . the crux of his argument remains that the district court and the BOP failed to give him credit for time served in state custody." Id. "This argument [was] the same argument [Appellant] made in his first § 2241 petition, which the district court denied on the merits." Id. Further, the court held that "had [Appellant's] present *pro se* motion been construed as a § 2241 petition, the district court would have been required to dismiss it." Id. That precise situation exists in the present case. Here, Harrell's petition is a § 2241 petition. The crux of his argument remains the same as they were in his prior § 2241 petitions—that the BOP failed to grant Harrell credit for time served in state custody. It is of no consequence that Harrell now raises this issue in his Reply and Objections under "the guise of a different legal theory," the application of § 5G1.3. See Raulerson v. Wainwright, 753 F.2d 869, 875 (11th Cir. 1985). "A rejected claim does not merit rehearing on a different, but previously available, legal theory." Nyhuis, 211 F.3d at 1343. As the Magistrate Judge correctly determined, this claim was adjudicated on the merits and dismissed by both the United States District Court for the Southern

3

District of Florida and the United States District Court for the District of South Carolina. Accordingly, this Court is required to dismiss Harrell's petition.

Harrell's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Harrell's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 17 day of January, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)